512

THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
JOSÉ CALZADA, Defendant and Appellant.

No. 8589. Argued April 15, 1941.—Decided April 18, 1941.

*P. Pérez Pimentel* for appellant. *George A. Malcolm, Attorney
General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

José Calzada was charged with and convicted of an of-
fense of abandonment of his two minor children, Angelina
and José Antonio Marrero, eleven and nine years old respec-
tively. The District Court of Humacao sentenced him to
thirty days in jail and to pay the costs, arresting the judg-
ment as long as the defendant pay to the minor the amount
of $3.00 a week.

As basis of his appeal the defendant appellant alleges
that the trial court erred in appraising the evidence and that
the judgment is contrary to the evidence and the law. We
shall examine the evidence.

The first witness was Angela Marrero, mother of the mi-
nors, who testified that José Calzada, the defendant, is the
father of the two children; that she and the defendant had
a love affair and that she went to live with him in a fur-
nished room, living with him around seven years and that
during that time they had those two children; that since Oc-
tober, 1939, the defendant failed to allow her money to sup-
port the children; that when the defendant visited her, the
children asked for his blessing and he gave it to them and
he always called them "children" (*nena* and *nene.*) On cross
examination she testified that she went to live with the de-
fendant in the year 1927; that the defendant at the time was

married to Concha Matos and had children; that the defendant paid her room and gave her money for food; that while she had relations with José Calzada, she had no relations with any other man; that she was assisted in her childbirths by the midwife Elma Estrella; that she had another child by the defendant, who died.

María Antonia González testified: that she is the mother of Angela Marrero; that the two children live with her; that her daughter's first love affair was the one she had with the defendant; that her daughter and the defendant lived together for about six or eight years; that she went away with him in 1927, and that he took her away from a theater of his; that during those seven years they had those two children; that the defendant visited her daughter early in the evening, because he was a married man; that when the children were born, he did well and gave them money for food; that he always gave them something until last October, when he stopped doing it; that when the girl was born, it was he who called Elma Estrella to attend at the birth and that he paid the midwife; that he also brought the same midwife when the boy was born and that in each case he paid her $2.00 in the presence of the witness; that when her daughter went away with the defendant, she must have been 14 or 15 years old; and that during the time that they lived together, she had no relations with any other man.

Elma Estrella testified that in 1937 she worked as midwife; that in 1929 and 1931, she assisted Angela Marrero in childbirth; that it was the defendant, José Calzada, who called her to assist at both births and that it was also he who paid for her services; that he went to get the witness at her house and took her to the house of Angela Marrero.

The defendant testified in his own behalf, denying all the facts charged by the evidence for the prosecution, and so did Cruz Peña, a witness, whose testimony tended to prove that he had had intimate relations with Angela Marrero, mother of the children, before these were born.

514

The lower court expressed its opinion as to the credibility of the witnesses on one and the other side, and stated as follows:

"The court has given special care and interest to all the testimony which has been given. It has followed in the smallest details all the gestures and attitudes of each witness as they testified from the stand. On the evidence which has filed before me, upon the credit which I give to the different statements made, I arrive at the conclusion that a case has been proven according to the provisions of Section 263 of the Penal Code. Although it is true that in some of the statements of the witnesses for the prosecution it can be seen that there has been a previous meeting, a brief understanding as to incidental details, as for example, in the tendency of each one of these three witnesses to specify the day, the month, the year and the hour of the first birth which issued from this love affair, which is shown by the evidence for the prosecution, there is a witness for the defense to whom this court does not give the slightest credit; it is the testimony of Cruz Peña, who by the way he has acted and because of his gestures, has not deserved, he has not caused the smallest effort of my mind to make me reflect as to the theory he was here to uphold, but on the contrary. . ."

The evidence is amply sufficient to uphold the conclusions of the lower court and to justify the judgment appealed from which must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.